IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DIXON FRICK BURDEN,**

    **Plaintiff,**

v.                                          No. CIV 98-703 LH/WWD

**RAINER GREEVEN and**
**RAICO INTERNATIONAL LTD.,**
**a Delaware Corporation,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Consolidated Motion to Dismiss (Docket No. 7). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, concludes that Defendants' motion shall be **granted** and that this case shall be **dismissed,** in part with prejudice and in part without prejudice.

### Introduction

This case was filed pursuant to the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.,* with five state claims filed under the diversity of

citizenship provisions of 28 U.S.C. § 1332.

Plaintiff alleges that in 1994, acting on the advice of Defendant Ranier Greeven, he purchased more than $50,000 worth of stock in Defendant RAICO International, Ltd. (RAICO). Second Amended Complaint ¶18 (" the complaint"). RAICO was purportedly organized by Greeven to engage in Indian gaming management activities, particularly for the Taos Indian Tribe of Taos, New Mexico. *Id*. at ¶1. Unbeknownst to Plaintiff, however, RAICO was not in compliance with applicable federal statutes and regulations governing Indian gambling, rendering his investment worthless. *Id*. at ¶¶ 12, 25.

Plaintiff alleges that Defendant Greeven committed wire and mail fraud initially with regard to Plaintiff's investment in a company called Excelco. Plaintiff alleges that the Defendants' acts leading to the Excelco investment and the acts leading to the investment in RAICO violate the RICO statute, 18 U.S.C. §1961.

Plaintiff originally filed this action in July of 1996, in the United States District Court for the District of Colorado. On October 8, 1996, the Colorado court allowed the Plaintiff to file a First Amended Complaint and on June 24, 1997, a Second Amended Complaint was filed. On June 11, 1998, two years after he filed suit in Colorado, Plaintiff filed essentially the same action in this Court by filing a revised version of the Second Amended Complaint. (*See Plaintiff's Opp'n to Consolidated Mot. to Dismiss* at 3.) In December 1998, Defendants filed their motion to dismiss. On May 25, 1999, following three years of complete inaction, the Colorado court dismissed its case without prejudice, purportedly based on the doctrine of comity. In his response to Defendants' Consolidated Motion to Dismiss, Plaintiff uses facts from a First Amended Complaint previously filed in the Colorado proceeding. This version of the complaint

has never been properly filed in this Court, although Defendants did attach it to their reply brief. Accordingly, this Court will confine its analysis to the complaint that is properly before it (Docket No. 1).

**<u>Defendants Have Waived Their Venue Objection</u>**

Defendants concede in their motion that this Court has venue to litigate Plaintiff's RICO claim but contest its venue to try the state law claims. Specifically, it is their position that they transacted certain transactions within the meaning of the venue provisions of 18 U.S.C. § 1965(a) of RICO but that the complaint fails to allege any facts supporting venue under 28 U.S.C. § 1391(a). In essence Defendants ask this Court to split this lawsuit into two parts. They contend that because venue exists for the RICO claims, the Court should evaluate those claims on their merits, and because no venue exists for the state claims, that those claims should be dismissed.

This approach is not well taken, because the five state law claims are factually interrelated with the RICO claim, for which Defendants have waived any venue objection. Generally, under such a circumstance, if a defendant concedes venue for one part of the claim against him, an objection to venue is waived as to the entire claim. Venue concerns the appropriate district court in which an action may be filed. Venue statutes generally are directed at issues of convenience and seek to channel lawsuits to an appropriately convenient court, given the matters raised and the parties involved in the action. To hold otherwise would lead to some claims tried in one jurisdiction and others in another. Confusion would be engendered and a multiplicity of suits invited. *See Travis v. Anthes Imperial Ltd.,* 473 F.2d 515, 528-529(8th Cir. 1973)(When venue is proper on federal claims, it is also proper on pendent state claims); 17 JAMES WM. MOORE ET AL.,

MOORE'S FEDERAL PRACTICE § 110.05 (3d ed. 1997). Accordingly, this Court considers any objection to have been waived, is convinced that venue is proper in this district court, and will evaluate Defendants' motion as to both the RICO and the state law claims.

**Plaintiff has Not Adequately Plead His RICO claim**

"To survive a Rule 12(b)(6) motion, a civil RICO claim must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989)(quoting *Sedima, S.P.R.L. v. Imrex Co.,*, 473 U.S. 479, 496 (1985)). A "pattern of racketeering activity" is defined in 18 U.S.C. § 1961(1) to include conduct that is "chargeable" or "indictable" under a host of state and federal laws. *National Organization. for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994). Among the categories of conduct "chargeable" or "indictable" under federal law are mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. 1343. Section 1961(5) further defines a "pattern of racketeering activity" as requiring at least two acts of racketeering activity, which occurred within ten years after the commission of a prior act of racketeering activity.

Plaintiff bases his Count I RICO claims on purported acts of mail and wire fraud. For the reasons that follow, I dismiss Count I for failure to allege the predicate racketeering activities with sufficient particularity to satisfy Rule 9(b). Specifically, the "pattern" requirement of the statute has not been met.[1]

---

[1] Defendants also raise standing, a failure to plead fraud with particularity, and failure to allege an "enterprise" affecting interstate or foreign commerce separate and distinct from a pattern of racketeering activity as grounds for dismissing Count I. Because the pattern of racketeering activity issue is dispositive, the Court declines to reach the other potential reasons for dismissal of the RICO claim. The state law claims will be addressed later in this Memorandum Opinion and Order.

-4-

The Supreme Court in *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n.14 (1986) discussed the "pattern" requirement and noted that RICO requires at least two acts of racketeering activity, but that two acts may not be sufficient unless they form a "pattern".

> The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." S.Rep.No. 91-617, p. 158 (1969)(emphasis added). . . . Significantly, in defining "pattern" in a later provision of the same bill, Congress was more enlightening: "[C]riminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. § 3573(e).

*See Torwest DBC, Inc. v. Dick, et al.,* 628 F. Supp. 163 (D.Colo.1986)(complaint dismissed when court held that allegations did not allege the pattern of racketeering required to state a claim under 1962(c) because there was only one scheme, one result, one set of participants, one victim, one method of commission, and thus, no continuity and no pattern of racketeering activity, *aff'd by Torwest DBC, Inc. v. Dick, et al.*, 810 F.2d 925 (10th Cir. 1987)(holding that to establish a RICO pattern, a plaintiff must demonstrate continuity, the threat of continuing activity, and that the scheme was not an isolated occurrence).

The Tenth Circuit discussed the "continuity" requirement as requiring an allegation of an ongoing pattern in racketeering activity in *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262 (10th Cir. 1989). In that case, the Tenth Circuit upheld a district court's dismissal of a civil RICO action against a newspaper and other defendants arising from publication of allegedly false articles. The Court held that the plaintiff's allegations that the defendants had a scheme to publish

defamatory articles about him was insufficient because the plaintiff had not alleged either a closed-ended or open-ended continuity:

> He has not alleged a scheme continuously to defame him, nor has he alleged any threat of future activity. Thus, there is no open-ended ongoing pattern of racketeering activity alleged here. At most, plaintiff has alleged a scheme to accomplish "one discrete goal," which he alleges was accomplished. That is insufficient to state a claim for relief under RICO.

*Id.* at 1273-74. *See also Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1024-1025 (7th Cir. 1992)(multiplicity of acts of mail and wire fraud allegations may be no indication of the requisite continuity of the underlying fraudulent activity. Consequently, we do "not look favorably on many instances of mail and wire fraud to form a pattern"). *See also Jones v. Lampe*, 845 F.2d 755, 757 (7th Cir. 1988)(multiple acts of mail fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern.)

Similarly, the *Torwest* Court noted that a "scheme to achieve a single discrete objective does not in and of itself create a threat of ongoing activity, even when that goal is pursued by multiple illegal acts, because the scheme ends when the purpose is accomplished." *Torwest DBC, Inc. v. Dick, et al.,* 810 F.2d at 929.

Construing its contents liberally in favor of Plaintiff, I have carefully combed the twenty-six page complaint on file in this matter. Paragraph 3, which relates to the asserted basis for venue in this forum, contains vague and conclusory statements that Defendants met with Plaintiff and others to "transact their affairs ... within the meaning of 18 U.S.C. § 1965(a)" and that fraudulent and tortious acts of Defendants were perpetrated on Plaintiff by mail, telephone and facsimile communications to obtain funds for Greeven's personal use. Paragraph 13 mentions false representations that Greeven allegedly made to Burden to the effect that, with the Taos

Pueblo management contract that Greeven had furnished to Burden, Burden's investment in RAICO would be substantially increased. Paragraph 16 mentions further misrepresentations Greeven made to Burden "in early 1994" in personal meetings, and in "dozens of interstate telephone conversations and by United States mail". Paragraph 17 mentions the "first predicate transaction" violating federal mail and wire fraud law as involving a February 1992 purchase by Burden of a $150,000 convertible debenture, when Greeven failed to disclose the fact that he was being paid commissions for obtaining Burden's investment. Paragraphs 19 and 20 mention an "initial predicate act" as involving Burden's purchase of stock for $50,000, when Greeven placed 27-59 interstate telephone calls to Burden, from November 15, 1994 through December 1995, for the purpose of obtaining funds from Burden and to instruct him to solicit participation and investment from Burden's Colorado associates. Paragraph 20(b) mentions that facscimile documents were transmitted in this same regard from January to December 1995. Paragraph 21 makes vague reference to loan proceeds being transferred to Greeven on June 15, 1994 as part of a wire transfer, as well as the issuance of a RAICO share certificate. Paragraph 22 mentions a January 20, 1994 letter in which Greeven allegedly falsely claimed that the Taos Tribe had designated RAICO as a management entity for the Tribe's gaming activities. In summation, Plaintiff avers in Paragraph 38(a) that the acts leading to the Excelco investment, the RAICO $50,000 investment, and the RAICO $25,000 loan were the separate acts in violation of 18 U.S.C. § 1961.

Although if true, Defendants' actions may well have been injurious to Plaintiff and violative of the law on grounds other than RICO, I conclude that Plaintiff has failed to adequately allege a continuing racketeering activity. Burden alleges that the mail and wire fraud statutes

were violated by vague mention to "predicate acts" or "predicate transactions", primarily without specific mention as to the content of the wires and telephone calls. The only truly specific reference is to the January 20, 1994 letter mentioned above.

Just as in *Phelps v. Wichita Eagle-Beacon,* Plaintiff has at most alleged one scheme to accomplish a single discrete goal, inducing Plaintiff to invest in two entities and to solicit investment from others, which according to the allegations of the complaint, has been accomplished. *See also Sil-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1516 (10th Cir. 1990)(a closed-ended series of predicate acts constituting a single scheme to achieve a discrete goal does not establish a pattern of racketeering activity.) As in the *Torwest* case, this does not constitute a pattern of racketeering because there is only one scheme, one result, one set of participants, one victim, one method of commission, and thus, no continuity and no pattern of racketeering activity.

Because Plaintiff has failed to show the continuity and relationship necessary to constitute a pattern of racketeering activity, the RICO claim shall be dismissed with prejudice.

**<u>The Remaining State Claims Shall be Dismissed Without Prejudice</u>**

In addition to the federal RICO claim, Plaintiff has sued Defendants under state law theories of common law fraud, accounting, self dealing and conversion, breach of fiduciary duty, and violation of state securities law. Plaintiff pleads in Paragraph 2 of the complaint that jurisdiction of these state claims is founded on diversity of citizenship under 28 U.S.C. § 1332.

The Court notes that the complaint is deficient to establish diversity jurisdiction in this Court. The only pertinent allegations before the Court are that the Plaintiff is a resident of Telluride, Colorado, and that Defendant RAICO International, Ltd. is a Delaware corporation.

Nowhere in the "Parties, Jurisdiction and Venue" section of the complaint is the citizenship of Defendant Greeven mentioned. In fact, no where does the complaint allege citizenship of Greeven, and the only related reference is that he practices law in New York City.

In order to adequately establish jurisdiction by way of diversity of citizenship, Plaintiff must allege the location of citizenship for each of the parties. As "[a]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity," allegations of one's office certainly may not be equated with citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Clearly, Plaintiff has not met his burden of establishing diversity of citizenship of all parties.

Furthermore, the diversity statute must be strictly construed against intrusion on the right of state courts to decide their own controversies. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). Now that the claim over which the Court had original jurisdiction is dismissed, and because no other independent basis for federal jurisdiction exists over the Plaintiffs' remaining claims, rather than allow Plaintiff the right to amend to properly allege diversity of citizenship if possible, the Court chooses to exercise its discretion and dismiss without prejudice Counts I-VI of the complaint. These claims may more properly be adjudicated by a state court, presumably in Colorado, given that Plaintiff's complaint in part alleges violations of Colorado law.[2] *See Pitts v. Turner and Boisseau, Chartered*, 850 F.2d 650, 653 (10th Cir. 1988); *Curtis Ambulance v. Shawnee City Board of Commissioners*, 811 F.2d 1371, 1386 (10th Cir. 1987)(listing factors to be considered). Plaintiff's state claims against these Defendants are therefore dismissed without

---

[2] I note that Colorado has a remedial revival statute, allowing for re-filing of a timely filed action that was dismissed for lack of jurisdiction, within ninety days. *See* COLO.REV.STAT. § 13-80-111 (1997).

prejudice.

**WHEREFORE , IT IS HEREBY ORDERED** that Defendants' Consolidated Motion to Dismiss (Docket No. 7 ) is **granted**. Specifically, Count I (the RICO claim) is **dismissed with prejudice** and Counts II-VI (the state claims) are **dismissed without prejudice.**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE